IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC D. DUNBAR,<br>　　　　　Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　　Respondent | §<br>§<br>§<br>§<br>§　Civil Action No. 4:06-CV-492-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Eric D. Dunbar, TDCJ-ID #1206624, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lamesa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Dunbar was charged by indictment in cause no. 0876309D in the 371st District Court of

Tarrant Count, Texas, with two counts of aggravated sexual assault of a child. (Clerk's R. at 3.) On October 1, 2003, a jury found Dunbar guilty on count one in the indictment and not guilty on count two. (*Id.* at 61.) On November 21, 2003, at the conclusion of the punishment phase of Dunbar's trial, the trial court assessed his punishment at forty years' confinement. (*Id.* at 61.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on May 12, 2005, and, on September 14, 2005, the Texas Court of Criminal Appeals refused Dunbar's petition for discretionary review. *Dunbar v. Texas*, No. 2-03-CR-489-CR, slip op. (Tex. App.–Fort Worth Sep. 14, 2005) (not designated for publication); *Dunbar v. Texas*, PDR No. 1172-05. Dunbar filed a state application for habeas corpus relief raising one or more of same issues presented on direct review, which was denied without written order by the Texas Court of Criminal Appeals on May 24, 2006. *Ex parte Dunbar*, Application no. WR-64,009-01. This petition was filed on July 11, 2006.

D. ISSUES

Dunbar raises four grounds for relief. He claims the trial court erred or abused its discretion in making evidentiary rulings and by overruling his motion for directed verdict. (Petition at 7-8.)

E. RULE 5 STATEMENT

Quarterman asserts that Dunbar has sufficiently exhausted his state remedies as to his claims, except for his challenge to the sufficiency of the evidence, which was not raised in Dunbar's petition for discretionary review. (Resp't Answer at 3.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In Dunbar's state habeas application, among other claims, he raised his claim that the trial court erred by denying his motion for directed verdict. Under state law, such a motion is treated as a challenge to the sufficiency of the evidence. *See McDuff v. Texas*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Although the Texas Court of Criminal Appeals stated no reasons when it denied Dunbar's application, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the court in *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the

3

petitioner can show (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). Dunbar has not given any explanation to excuse his default. Nor has he demonstrated that failure to consider his claim will result in a miscarriage of justice, i.e., that he is innocent of the crime for which he was charged and convicted. Accordingly, Dunbar's claim is unexhausted for purposes of § 2254(b)(1) and procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750-51.

F.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue

made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Evidentiary Rulings

Dunbar claims the state trial court erred by allowing into evidence the victim's diary, the victim's mother's testimony regarding her actions after finding and reading the diary, and the psychological opinion of the presentence investigation (PSI) officer. (Petition at 7-8.) The state appellate court determined that the trial court had not abused its discretion by allowing the relevant testimony of the victim's mother or the PSI officer. *Dunbar*, No. 2-03-489-CR at 11-19, 31-32. On the other hand, the appellate court determined that the trial court had erred by allowing the diary into evidence, but concluded the error was harmless. *Id.* at 19-26. In turn, the Texas Court of Criminal Appeals refused Dunbar's petition for discretionary review and denied habeas relief on the issues.

The evidentiary rulings of a state trial court are cognizable on federal habeas only if a specific constitutional right is impeded or if the rulings rendered the trial fundamentally unfair. *See Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). Dunbar has not demonstrated such circumstances nor has he shown that the state courts' adjudication of the issues was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II.  RECOMMENDATION

Dunbar's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 13, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 13, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 23, 2007.

                                                       /s/ Charles Bleil
                                                       CHARLES BLEIL
                                                       UNITED STATES MAGISTRATE JUDGE